

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-7515

Re: Constitutionality of S. B.
No. 90 of the 43rd Legislature.

Your letter of November 18, 1946, requesting the opinion of this department on the above stated matter reads in part as follows:

"The newly elected County Judge, Mr. Victor Gilbert, has expressed a desire to know whether or not Senate Bill #90, of the 43rd Legislature, entitled 'An Act creating the office of County Purchasing Agent in all Counties in this State having a Population of more than One Hundred Thousand Inhabitants, and less than One Hundred Fifty Thousand Inhabitants, according to the last preceeding Federal Census, or any succeeding federal census, and wherein is situated an Incorporated City of more than One Hundred Thousand Inhabitants, according to the last preceeding Federal Census, or any succeeding Federal Census', is a valid act. It is his desire to know this before making an appointment to the office.

"The doubt as to the validity of this bill arises by virtue of the Court's decision in Miller vs. City of El Paso, opinion by the Supreme Court, reported in 150 S.W. 2nd 1000, and similar decisions holding acts creating purchasing offices in a limited bracket unconstitutional."

After careful consideration we have concluded that this Act is a local and special law violating the provisions of Article III, Section 56, of the Constitution of Texas, and is therefore unconstitutional and void. Article III, Section 56, of the Texas Constitution, provides as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Ernest Guinn - Page 2

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws, . . . . regulating the affairs of counties, cities, towns, wards or school districts; . . . . creating offices or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts; . . . ."

It is manifest that the law under consideration regulates the affairs of the county to which it applies, creates an office, and prescribes the powers and duties of such officers. It applies only to counties in this State having a population of more than One Hundred Thousand (100,000) inhabitants and less than One Hundred Fifty Thousand (150,000) inhabitants and containing one city of One Hundred Thousand (100,000) inhabitants as shown by the latest Federal Census.

In the case of County of Bexar vs. Tynan, 97 S.W. 2d 467, the Supreme Court of Texas announced the principle which controlled the matter at hand, as follows:

"Notwithstanding it is true that the Legislature may classify counties upon the basis of population for the purpose of fixing compensation of county and precinct officers, yet in doing so the classification must be based upon a real distinction, and must not be arbitrary or a device to give what is in substance a local or special law the form of a general law."

It is stated in our Opinion No. 0-2221:

"A law which applies only to a part of a natural class of persons or things must predicate its inclusion of the part and exclusion of the balance upon characteristics peculiar to the part, which, considering the objects and purposes of the law, afford reasonable ground for restricting the application of the law to the part. Classification must be reasonable and natural, not arbitrary and capricious. Arbitrary designation is not classification. The vice of local or special laws is that they rest on arbitrary designation; that they do not embrace and affect all of the class to which they are naturally related. 25 R.C.L. pp. 815-816; 12 Am. Jur. p. 146; Smith v. State (Ct. Cr. App.), 49 S.W. (2d) 739; Randolph v. State, (Ct. Cr. App.), 36 S.W. (2d) 484; Clark v. Finley, 93 Tex. 171, 54 S.W. 343; . . . ."

Our opinion was approved by the Court in Oakley vs. Kent, 181 S.W. (2d) 919.

Hon. Ernest Guinn - Page 3

The Act creates the office of purchasing agent and prescribes the powers and duties of the officer holding such office. If population affords a ground for creating the office of county purchasing agent, it must be upon one of two theories: (1) the smaller the population of the county, the greater the need of such office, (2) the greater the population of the county, the greater the need of such an office. The bracket is from One Hundred Thousand to One Hundred Fifty Thousand (150,000). Upon the first theory, the law is arbitrary and discriminatory because it excludes counties below One Hundred Thousand (100,000) which would have a greater need than counties in the bracket. Upon the second theory, the law is likewise arbitrary and discriminatory in that it does not embrace counties having a greater population than One Hundred Fifty Thousand (150,000), which counties would have a greater need for a purchasing agent than the counties within the brackets.

In view of the foregoing authorities, it is our opinion that S. B. 90 of the 43rd Legislature clearly violates the provisions of Article III, Section 56, of the State Constitution and is therefore unconstitutional and void.

Further in this connection, I call your attention to the fact that the City of El Paso, according to the 1940 Federal Census, had a population of Ninety-Six Thousand Eight Hundred and Ten. (96,810). If the City of El Paso has not had a succeeding Federal Census since 1940, then El Paso would not be governed by this Article.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Jno. C. Knorpp
Assistant

JCK:djm